**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **CALVIN MATLOCK**<br>Plaintiff,<br>vs.<br>**JASON SMITH AND CHARLES PALMER**<br>Defendants. | 12cv4086-DEO<br>**No. 13-CV-4018-DEO**[1]<br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION AND BACKGROUND

This matter is currently before the Court on Calvin Matlock's [hereinafter Mr. Matlock] 42 U.S.C. § 1983 Complaint. Mr. Matlock is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[2]

---

[1] For the reasons later stated in this Order, the Clerk of Court shall also file a copy of this Order in 12-CV-4086-DEO.

[2] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited February 14, 2013.

## II. IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs. 28 U.S.C. § 1915(a)(1). However, prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. Id. However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[3] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A

[3] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited February 14, 2013.

are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more considerate treatment than criminals whose conditions of confinement are designed to punish;" and Michau v. Charleston County, S.C., 434 F.3d 725 (4th Cir. 2006), cert. denied Michau v. Charleston County, S.C., 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also Kansas v. Hendricks, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner]. See ... Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner

> within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

Id. at 727-28. (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[4] with the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). Mr. Matlock's application substantially meets the above requirements. Mr. Matlock's Motion to Proceed in Forma Pauperis is granted. The Clerk of Court shall file Mr. Matlock's Complaint. No filing fee will be assessed.

However, once any portion of a filing fee is waived, a court must dismiss the case if a the Plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which

[4] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**III. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A document filed pro se "is to be liberally construed," Estelle v. Gamble, 429 U.S. 97, 106 (1976) and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. citing Cf. Fed. Rule Civ. Proc. 8(f) stating "[a]ll pleadings shall be so construed as to do substantial justice." See also Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the claim

to relief must be "plausible on its face." Id. at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - that the pleader is entitled to relief." Id. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

**IV. ISSUE**

Mr. Matlock's pro se Complaint makes two general allegations: 1) That he has been denied the opportunity to complete treatment at CCUSO pursuant to the terms of I.C.A. § 229A and CCUSO's Handbook; and 2) that the CCUSO program has become punitive in nature.

**V. ANALYSIS**

As noted above, it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding. However, this does not mean that a court must, or even has jurisdiction to, entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In the present Complaint, Mr. Matlock argues that the Defendants have violated a release contract. Specifically, Mr. Matlock alleges that he completed treatment many years ago, but has been in "transitional release" for over six years and that CCUSO refuses to release him completely. Mr. Matlock alleges that the reason he has been denied release has nothing

to do with his progress, but rather because other patients that have been released have re-offended.

The general theme of his Complaint is that CCUSO has repeatedly set up procedures and entered into treatment ‘contracts’ with its patients. These procedures and agreements are meant to be a means whereby the patients can eventually achieve their release, by completing treatment benchmarks, getting work, attending church, and so forth. Mr. Matlock states that he has completed all the requirements and is only in treatment “on paper”; but, because of the actions of other past patients, and his inability to find housing, CCUSO will not release him.

At the outset, the Court notes that CCUSO has broad discretion to attempt to treat its patients, including entering into treatment agreements with them. CCUSO has a process for appealing and contesting decisions related to their treatment-progression decisions. See Swanson v. Civil Commitment Unit for Sex Offenders, 737 N.W.2d 300, 305 (Iowa 2007). However, simply because CCUSO has an interest in treating its patients does not require that those patients

forfeit their constitutional due process and equal protection rights.

"When a state action threatens to deprive a person of a protected liberty or property interest, a person is entitled to procedural due process." Meyer v. Jones, 696 N.W.2d 611, 614 (Iowa 2005). To determine what process is due a person who has been deprived of a protected liberty or property interest, the Courts use a test adopted by the Supreme Court in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). In Mathews, the Court held that in order to determine what the "specific dictates of due process" generally requires, "the court must consider three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

Courts have repeatedly found no constitutional bar to the civil confinement of sexually violent predators with untreatable conditions when confinement is necessary to the protect the public. However, those who are involuntarily committed retain a liberty interest in the requirements and procedures of I.C.A. § 229A. See In re M.T., 625 N.W.2d 702, 706 (Iowa 2001), finding that a person's liberty interests are at stake at an involuntary commitment hearing, and "therefore it is imperative that the statutory requirements and procedures are followed."

As stated by the Iowa Supreme Court, the State has:

> a duty to provide adequate food, shelter, clothing, and medical care.... [This is because a patient involuntarily committed in a state institution] enjoys [the] constitutionally protected interests in conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these interests.

Swanson, 737 N.W.2d at 308-09 (citing Youngberg, 457 U.S. 307, 324 (1982)).

However, the Constitution only requires us to make certain that professional judgment was in fact exercised.

This Court has seen a number of cases from patients at CCUSO raising similar claims. Mr. Matlock has presented a persuasive argument that he, and other CCUSO patients, may have developed a liberty interest under the various rules, handbooks, and procedures promulgated by the administrators of CCUSO.[5] Accordingly, this Court will allow Mr. Matlock's claim to proceed past the initial review phase.

**A. Punitive Actions**

Mr. Matlock also argues that CCUSO's policies have become

[5]Courts have repeatedly found there to be no constitutional right to parole. See for example, State v. Holmes, 276 N.W.2d 823, 830 (Iowa 1979). However, the Supreme Court has said early release statues can create a liberty interest protected by due process guarantee. See Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) reh'g denied, 131 S. Ct. 1845, 179 L. Ed. 2d 796 (2011), stating that: "[w]hatever liberty interest exists is, of course, a state interest created by California law. There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication "and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal."

The Court is aware that the present situation regarding patients at CCUSO is substantially different from inmates being denied parole. However, it is possible that Mr. Matlock has articulated a claim not wholly dissimilar from the type of liberty interest discussed in the Swarthout case.

punitive in nature. Mr. Matlock's Complaint has met the standard articulated above regarding this claim. Accordingly, the Court will also allow this issue to proceed.

**VI. CASE CONSOLIDATION**

Mr. Matlock has not made a request for the appointment of Counsel. This Court notes that Mr. Matlock's claims are essentially the same as the claims raised in another lawsuit recently filed by CCUSO patient Damon Willis. That case is 5:12-CV-04086. On January 24, 2013, the Court entered an Initial Review Order allowing Mr. Willis' case to proceed and appointing attorney Jay Denne to represent Mr. Willis.

According to Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. "[C]onsolidation pursuant to Rule 42(a) is permissive and vests a purely discretionary power in the district court...In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on

common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. Pigott v. Sanibel Dev., LLC, 2007 WL 3245019 (S.D. Ala. 2007).

It is clear to this Court that Mr. Matlock's claims involve common legal and factual issues with 12-CV-4086. Specifically, both cases will require a detailed analysis of CCUSO's policies, the ability of patients who have completed requirements to be released, whether CCUSO's policies infringe any constitutional rights, and whether CCUSO has become punitive and arbitrary in its policies. Additionally, the cases involves the same two of the same Defendants, both CCUSO administrators. There is little risk of prejudice as a result of this consolidation since 12-CV-4086 was recently filed and has not progressed beyond the initial review stage. Accordingly, this case should be consolidated with 12-CV-4086.

**VII. CONCLUSION**

For the reasons set out above, Mr. Matlock's application to proceed in forma pauperis is granted. The Clerk of Court will file Mr. Matlock's Complaint, and no filing fee will be

assessed. The Clerk of Court shall serve the defendants with the Complaint and a copy of this Order as per the attached service forms.

The Court orders that Mr. Matlock's claim be consolidated with 12-CV-4086-DEO (which will be identified as the lead case).[6] Due to the consolidation of cases, the previously imposed deadline for filing an amended complaint established in the lead case, 12-CV-4086-DEO (See Order of January 24, 2013, Docket No. 2), is hereby extended to thirty days from the date of this Order.

**IT IS SO ORDERED** this 15th day of February, 2013.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

[6] Attorney Jay Denne is the current counsel of record in 12-CV-4086-DEO. Because these cases are now consolidated, he is appointed as the counsel of record for Mr. Matlock.

**NOTICE OF LAWSUIT**
**and REQUEST FOR**
**WAIVER OF SERVICE OF SUMMONS**

TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| **CALVIN MATLOCK**,<br><br>Plaintiff,<br><br>v.<br><br>**CHARLES PALMER, et al.,**<br><br>Defendant. | **No. 13-CV-4018-DEO** |

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: February 15, 2013.

I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this February 15, 2013.

/s/ djs
Signature (Clerk's Office Official)
Northern District of Iowa

**ACKNOWLEDGMENT OF RECEIPT OF NOTICE OF LAWSUIT, and WAIVER OF SERVICE OF SUMMONS**

(**Return **this** document within thirty days after February 15, 2013, to the United States Clerk's Office in the envelope provided.)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| **CALVIN MATLOCK,**<br>Plaintiff,<br>v.<br>**CHARLES PALMER, et al.,**<br>Defendants.. | **No. 13-CV-4018-DEO** |

I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after ____________________, (the date Notice, Waiver and corresponding documents were sent or the filing of the amended complaint, whichever is later).

Date ____________

Signature ______________________________
Printed name ___________________________
As ____________ of ____________________
(Title) (Entity)

**Address Form**

Case Number: 13-CV-4018-DEO Date: February 15, 2013

To: Clerk of Court
RE: Service on Named Defendants

Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant: **ALL DEFENDANTS**
**c/o Civil Commitment Unit for Sexual Offenders**
**1251 West Cedar Loop**
**Cherokee, Iowa 51012**

**Gretchen Witte Kraemer**
**Department of Justice**
**Regents and Human Services Division**
**Hoover Building**
**Des Moines, Iowa 50319-0109**